# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**HANNAH RIGGINS,**

    **Plaintiff,**

**v.**

**CHILTON COUNTY BOARD OF EDUCATION,**

    **Defendant.**

**Case No.:** 2:21–cv–21

**JURY TRIAL DEMANDED**

## COMPLAINT

For her Complaint against defendant the Chilton County Board of Education ("Chilton County BOE") for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, as amended ("ADA"), Plaintiff states and alleges as follows:

## JURISDICTION & VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to adjudicate this civil action because the claims brought by Plaintiff arise under the laws of the United States, specifically the ADA.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391 because Defendant is located in this District and a substantial part of the events or

omissions giving rise to the claims occurred in this District.

## PARTIES

3.    The plaintiff, Hannah Riggins ("Plaintiff" or "Ms. Riggins"), is over the age of nineteen (19) and a resident of Shelby County, Alabama. Plaintiff is a member of a class protected by the ADA in that she was discriminated against by being denied a job that was already offered to her on the basis of requesting a reasonable accommodation under the ADA due to a broken leg. At all relevant times, Plaintiff was ready, willing, and able to perform the essential functions of her job as a teacher.

4.    Defendant Chilton County Board of Education is an agency of the State of Alabama authorized and existing under the laws of the State of Alabama. Defendant was Plaintiff's putative employer. At all relevant times, the Chilton County BOE employed at least fifteen (15) persons under the ADA.

## NATURE OF ACTION

5.    Plaintiff brings this action against Defendant the Chilton County BOE for acts of intentional discrimination based on her perceived disability under the ADA.

6.    Plaintiff seeks compensatory and punitive damages to which she is entitled, along with attorneys' fees and costs. Plaintiff also seeks back pay, front pay, compensatory, liquidated and punitive damages, where applicable.

## ADMINISTRATIVE PROCEDURES

7.      Within 180 days of learning of the acts of discrimination of which Plaintiff complains, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff then received her Notice of Right to Sue.

8.      All prerequisites for bringing this action have been met.

## ALLEGATIONS OF FACT

9.      Plaintiff brings Count 1 in this Complaint pursuant to 42 U.S.C. § 12101, *et seq.*

10.     Plaintiff originally began her employment with the Chilton County BOE as a teacher at Clanton Elementary School.

11.     During the 2018 school year, Ms. Riggins worked at Clanton Elementary School in an untenured teacher position. As a policy, the Chilton County BOE typically terminates all untenured positions at the end of the school year and all persons in those positions must re-apply for jobs.

12.     Ms. Riggins was terminated by the Chilton County BOE at the end of the 2018 school year. She re-applied for a position as a first-grade teacher at Clanton Elementary School.

13.     On or about July 28, 2019, the Vice Principal of Clanton Elementary School, Mark Stephenson, called Hanna Riggins at 2:22 p.m. to offer her the first-

grade teacher position at Clanton Elementary for which she applied.

14.     Ms. Riggins accepted the offer from Mr. Stephenson during this phone conversation.

15.     Once Ms. Riggins accepted the job, out of courtesy she disclosed that she had an accident on July 25, 2019 wherein she broke her leg and ankle. She stated to Mr. Stephenson that her doctor told her that she was fully capable of performing all the duties of an elementary school teacher, just that she would be in a wheelchair while her leg was in a plaster cast until she could use a "boot" cast.

16.     On Sunday, July 29, 2019, at 10:35 a.m., Mr. Stephenson called Ms. Riggins to discuss the position again.

17.     They discussed Ms. Riggins's treatment for her broken ankle and the time window in which she would have to use a wheelchair versus a walking "boot." Ms. Riggins explained that she would only be in a wheelchair for 3 or 4 days while children would be in school, and after that, she would be "a lot more mobile in a scooter."

18.     That same day at 11:12 a.m., Mr. Stephenson called Ms. Riggins and informed her that "she [Rebecca Threlkeld] has decided to go in another direction." This call came *directly* after Mr. Stephenson spoke with Ms. Riggins at 10:35 a.m. to discuss her current and future medical condition. These conversations were recorded.

19.     Rebecca Threlkeld is the Principal of Clanton Elementary. She has the power to determine whether teachers are hired and fired at the school.

20.     Any alleged basis the Chilton County BOE has for denying Plaintiff a job after offering it to her is pretextual.

21.     Defendant's unlawful conduct violated the provisions of the ADA, 42 U.S.C. § 12101, *et seq*. As a result of Defendant's unlawful conduct, Plaintiff suffered damages.

## COUNT 1
## AMERICANS WITH DISABILITIES ACT VIOLATION

22.     Plaintiff re-alleges the above paragraphs by reference as if fully set forth herein.

23.     Plaintiff avers that the Chilton County BOE violated the Americans with Disability Act, as amended, and discriminated against Plaintiff because she has a record of physical impairment that substantially limits or limited one or more major life activities, and/or because Plaintiff was regarded by the Chilton County BOE as having a physical impairment that substantially limits or limited one or more major life activities, and/or because Plaintiff has or had a physical impairment that substantially limits or limited one or more major life activities.

24.     More specifically, the Chilton County BOE had knowledge of Plaintiff's medical diagnosis due to her verbal disclosure to Mark Stephenson,

Vice Principal of Clanton Elementary School, and her verbal disclosure that her physical impairments would not prevent her from performing the essential functions of the job offered her by the Chilton County BOE.

25.     Plaintiff was able to perform the essential functions of the job position offered her, with accommodation. The Chilton County BOE had knowledge of her need for an accommodation through her phone discussions with Mark Stephenson.

26.     Plaintiff has been discriminated against on the basis of her disability or perceived disability in regard to treatment, terms, and conditions of employment, in violation of 42 U.S.C. 12101, *et seq*. Plaintiff has been discriminated against because of her disability or perceived disability and has been subjected to unequal treatment from that of employees and supervisors who do not share the same disability or perceived disability. Further, Defendant refused to provide Plaintiff with an accommodation for her known disability.

27.     Such unlawful employment practices proximately caused Plaintiff to suffer different terms and conditions of employment, severe emotional distress, embarrassment, loss of her employment, financial loss, inconvenience, and damage to her professional reputation and standing for which she claims damages.

28.     Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, emotional distress, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A)    That this Court determine and adjudicate that the practices of Defendant complained of herein were violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended;

B)    Permanently enjoin the Defendant from engaging furth in its interference of the ADA rights of other employees;

C)    Permanently enjoin Defendant from engaging further in its discriminatory treatment of disabled employees similarly situated;

D)    Order Defendant, its agents, and employees to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees which eradicates the effects of its past and present unlawful employment practices, including implementing a consistent policy against unlawful discrimination in the workplace;

E)    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the ADA;

F)    Order Defendant to make the Plaintiff whole providing appropriate front pay, back pay, liquidated damages, and other monetary relief as may be available to her, including damages for her physical, mental and emotional distress, embarrassment, and humiliation;

G)    Award Plaintiff compensatory and punitive damages under the laws and Constitution of the United States;

H)    Award Plaintiff her costs and expenses herein, including reasonable attorney's fees, where applicable; and

I)    Award all such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Brett W. Aaron

Brett W. Aaron (ASB-7508-t50h)
E. Nathan Harris (ASB-9811-d38h)
**HARRIS & ASSOCIATES LAW, LLC**
3021 Lorna Road, Suite 301
Hoover, AL 35216
Phone: (205) 940-2233
Fax: (205) 822-3522
baaron@abogadoscentrolegal.com
**ATTORNEY FOR PLAINTIFF**

## JURY DEMAND

Plaintiff, by and through his attorney, hereby demands a trial by struck jury of the above-titled matter.

/s/ Brett W. Aaron

Brett W. Aaron (ASB-7508-t50h)
**HARRIS & ASSOCIATES LAW, LLC**
3021 Lorna Road, Suite 301
Hoover, AL 35216
Phone: (205) 940-2233
Fax: (205) 822-3522
baaron@abogadoscentrolegal.com
**ATTORNEY FOR PLAINTIFF**

**Please serve Defendants via certified mail at the following addresses:**

CHILTON COUNTY BOARD OF EDUCATION
1705 Lay Dam Road
Clanton, Alabama 35045